# Fitzgerald v. Commonwealth.

May 5, 1942.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Oscar Fitzgerald, and William Wedding were jointly indicted for the murder of Joe Boehm. Fitzgerald's trial resulted in a verdict of guilty and his punishment was fixed at 15 years in the penitentiary. His grounds for reversal are (1) The court permitted to be introduced in evidence a photograph of Boehm taken an hour after his death; (2) the jury was instructed erroneously; and (3) the court failed to allow him to demonstrate to the jury his theory of Boehm's injury.

There was a crowd of some 25 or 30 people in Kost's beer parlor, in Owensboro, during the early part of the night of December 14, 1940. Included in the crowd were Boehm and his son, Clarence, Wedding and Fitzgerald,

and a girl who accompanied them. Some of the crowd were dancing and others were drinking beer. Shortly after a firecracker was discharged, a difficulty arose between Wedding and Clarence Boehm which resulted in Clarence being knocked down by Wedding. Joe Boehm then entered the affray and later Fitzgerald got into it. The Commonwealth's version of the manner in which Boehm received his injuries is that after he had been knocked to the floor Fitzgerald and Wedding stamped and kicked him in the face, thereby inflicting upon him injuries which caused his death a few days later. Fitzgerald's version is that, while the affray was in progress and before he had entered it, Boehm fell against a concrete pillar in the beer place, thereby causing the injuries which resulted in his death.

Boehm was taken to the hospital where he received treatment. He then went to his home. He was taken back to the hospital in three or four days and died there. About an hour after his death a photograph was taken of the upper part of his body. The trial court permitted this photograph to be introduced in evidence for the Commonwealth. It shows bruises about the right side of Boehm's face and mouth. The doctor who treated Boehm said that he had four teeth knocked out; that the right side of his face and right eye were bruised; and that he had a cut on his chin and bruises on his chest. There was also a fracture of the right cheekbone which extended into the sinus and on into the base of the brain.

The appellant's objection to the photograph is that it was taken four days after Boehm's injury, and that there was no testimony that it portrayed the real effects of Boehm's injuries as they existed immediately after he received them. We think otherwise. The photograph portrays the injuries to which the doctor testified, except as to the missing teeth and the fractured skull. The appellant also insists that the photograph was calculated to and did inflame the jury against him. The picture of the bruised and swollen face of a dead man is not very pleasing to look upon, but we have held frequently that such pictures are admissible in evidence where they show correctly the things which they purport to represent. Davis v. Commonwealth, 279 Ky. 127, 129 S. W. (2d) 1030.

The next complaint is directed toward the following instruction:

"If, upon the whole case, you have a reasonable doubt of the defendant having been proved guilty you should find him not guilty; or if you find him guilty, but on all the evidence, have a reasonable doubt as to whether he has been proved guilty of wilful murder or of voluntary manslaughter or of involuntary manslaughter you will find him guilty of the lower offense, involuntary manslaughter as set out in instruction No. 2."

The word "lower" instead of the usual word "lesser" is used in connection with "offense," but we fail to see how that was misleading to the jury. As a matter of fact, the instruction was favorable to the appellant, because the jury might have thought that in the case of doubt as to the degree of Fitzgerald's guilt they should find him guilty of the offense of involuntary manslaughter.

We have noted that the third ground for reversal is that the trial court refused to permit Fitzgerald's counsel to demonstrate his theory of the case to the jury. When the argument in behalf of Fitzgerald was begun his counsel had him lie down on the floor in front of the jury. He then took a light shoe similar to the type Fitzgerald said he was wearing at the time Boehm was injured and sought to show the jury that Boehm could not have been injured as claimed by the Commonwealth. Granting that the trial court should have permitted Fitzgerald's counsel to proceed with the demonstration, we fail to see how this could have been prejudicial to his substantial rights. We have noted that Fitzgerald testified that neither he nor Wedding stamped Boehm in the face or kicked him, while the testimony for the Commonwealth was that they did. Fitzgerald said that Boehm fell and struck the side of his head against a concrete pillar. The members of the jury had all of this testimony before them. They saw the shoe which was similar to the one Fitzgerald was wearing at the time of the affray and it was within their province to weigh all the testimony and the inferences to be drawn from it in determining whether the Commonwealth's version or Fitzgerald's version of the manner in which Boehm received his injuries should be accepted. Aside from this, probably the only true test of whether a man's skull could be fractured by a person who was wearing light shoes stamping him in the face would be for him to keep

stamping until he either did or did not fracture his skull. We doubt very much whether Fitzgerald would have been willing to submit to this test.

Finding no error prejudicial to the appellant's substantial rights, the judgment is affirmed.